IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MALIBU MEDIA, LCC** <br>                     **Plaintiff** <br> v. <br> **JOHN DOE, subscriber IP address 108.48.53.58** <br>                     **Defendant** | Case No. <br> 8:13-cv-03014-JFM |

## AFFIDAVIT OF JOHN DOE

1. I am over 18 years of age. I have no legal disability that would prevent me making an affidavit.

2. This affidavit is submitted in support of a motion seeking a protective order excusing my spouse and me from attending a deposition to be held Thursday, February 27, 2013 and quashing the subpoena that accompanied the notice of deposition.

3. My spouse and I subscribe to broad-band internet service provided by Verizon FIOS. Verizon has, apparently, advised plaintiff Malibu Media, LLC (Malibu) that our broad-band subscription is linked to the Internet Protocol address ("IP address") referenced in the caption of the complaint.

4. On October 17, 2013, this Court entered an order permitting Malibu to serve a third-party subpoena on an internet service provider (ISP). The subpoena requires the ISP to produce documents or electronically stored information linking a particular subscriber to the referenced IP address.

5. However, before responding to the subpoena, this Court required the ISP to provide the identified subscriber with:

- notice that this suit has been filed linking the subscriber's IP address with a John Doe defendant who allegedly downloaded copyright protected material;

- a copy of Malibu's subpoena on the ISP; and

- notice that the ISP will produce to Malibu the information requested by the subpoena unless, within 30 days of service of the subpoena, the subscriber files a motion to quash the subpoena or seeks other appropriate relief.

6. The October 17 order also provides that if the identified subscriber fails to challenge Malibu's subpoena to the ISP, Malibu may, among other options, directly subpoena the subscriber to attend a deposition of no longer than one hour. The scope of the deposition is limited to questions regarding whether the subscriber was responsible for downloading copyrighted work, as alleged in the complaint.

7. As noted, Verizon is my and my spouse's ISP. We were never notified by Verizon (or anyone else) of this lawsuit or of the possibility that our Verizon account might be linked to the allegations of this lawsuit. We were never notified by Verizon (or anyone else) of a third-party subpoena issued in connection with this lawsuit or provided with a copy of the third-party subpoena to the ISP. We were never notified by Verizon (or anyone else) that we could challenge the subpoena by means of a motion to quash or other judicial relief. We were never notified by Verizon (or anyone else) of the 30-day window for challenging the subpoena in Court.

8. The first notice that my spouse and I received of this lawsuit was a subpoena issued directly to us (not to an ISP), using our real names and real address, directing us to attend a deposition on February 27, 2014 at 1 PM at the Largo, Maryland offices of Malibu's counsel. The subpoena was served on us Sunday, February 16, 2014 at our home by a process server.

9. The Notice of Taking Deposition accompanying the subpoena stated that the deposition would last no more than one hour and was for the purpose of determining whether "the Subscriber was responsible for downloading the copyrighted work alleged in the complaint."

10. These events lead me to conclude that Verizon identified my spouse and me as subscribers linked to the IP address in the complaint's caption while completely ignoring all the protective notification requirements of the Court's October 17, 2013 order.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Date: February 26, 2014

_____John Doe_____
John Doe
(Affiant's real name will provided to the Clerk of
the Court, as per the Court's October17, 2013 order).